AB INTESTATO OF ANA GARROTI PADILLA; JOSÉ VÁZQUEZ MARTÍNEZ, Petitioner and Appellee; JOSÉ MARÍA VÁZQUEZ GARROTI, ET AL., Opponents and Appellants.

No. 11450.   Argued April 2, 1956.—Decided April 30, 1956.

*Mario Báez y García* for appellants.   *José Castro Figueroa* for appellee.

---

* The English version employs the phrase "but, on the contrary."

MR. JUSTICE MARRERO delivered the opinion of the Court.

The sole question for decision in this appeal is whether the children of a natural sister of the predecessor, who died without leaving any ascendants or descendants, but a surviving spouse, are entitled to inherit from said predecessor. Let us see. José Vázquez Martínez filed a petition for declaration of heirship alleging that Ana Garroti Padilla, who was his legitimate wife, died on August 6, 1951, without leaving any descendants, ascendants or legitimate collaterals of any kind, although she did have some nephews who were the sons of Dominga Garroti, a natural sister of the deceased, who had also died on August 30, 1949. The nephews, Juan Florencio Garroti and José María and Luis Vázquez Garroti opposed this petition. After the parties were heard in writing the trial court declared the widower the sole and universal heir of the predecessor. The opponents appealed. Their sole contention is that the lower court erred "in construing Acts Nos. 446, 447 and 448 of 1947, which amended certain sections of the Civil Code, and in holding that the right of representation does not include the collateral line for natural succession."

In our opinion, the question in issue is altogether clear. Hereditary rights are regulated by the legislation in force at the time the predecessor dies. *Cancel* v. *Martínez*, 74 P.R.R. 100–107; *Travieso* v. *Del Toro*, 74 P.R.R. 940, 945. The predecessor here died on the date alleged, August 6, 1951. At that time the legislation in force provided mainly that: "Succession pertains, in the first place, to the decending direct line"; that "In default of lawful or acknowledged illegitimate issue and their issue, ancestors shall inherit from the decedent to the exclusion of collaterals"; that "In the absence of the persons included in the three preceding articles, the collateral relatives and the spouses shall inherit in the order established in the following sections"; and that "In default of brothers and nephews, the surviving

spouse shall succeed to all the property of the decedent, whether or not the sisters and nephews be of the whole blood or the half blood." Civil Code, 1930 ed. §§ 893, 898, 903 and 909—31 L.P.R.A. §§ 2641, 2651, 2671, and 2677 respectively. The Civil Code in its § 902, as amended by Act No. 253 of 1950 (Sess. Laws, p. 666)—31 L.P.R.A. § 2661— also provides that "In default of natural ascendants, the recognized natural child shall be succeeded by his or her natural brothers or sisters, in accordance with the rules established for legitimate brothers and sisters . . ." The above provisions apply to intestate inheritance. Thus where a predecessor dies intestate, the inheritance corresponds in the first place to the descendants; in their absence to the ascendants; and in default of descendants or ascendants it corresponds to the brothers and sisters as well as nephews and nieces, whether legitimate or natural.

▮▮ Since in the case at bar the only natural sister of the predecessor died before her, the sons of the former (Dominga Garroti) have hereditary rights. Those rights arise from the aforecited provisions of the Civil Code and from § 887 of the same Code, as amended by Act No. 446 of 1947, p. 944—31 L.P.R.A. § 2621—which states that: "The right which all *the legitimate or legally-recognized natural relatives* of a person have to succeed him in all the rights which he would have if alive, or which he might have inherited, is called the right of representation." (Italics ours.)

According to the birth and baptism certificates sent up, José María and Luis Vázquez were legitimate children of the predecessor's natural sister, and Juan Florencio was a natural son. The context of § 887, *supra*, is final and whether they are legitimate or acknowledged natural sons of Dominga Garroti, they are entitled to inherit by representation.

Of course, when as in the case at bar, besides the surviving spouse there are nephews or nieces who inherit from

the predecessor by representation, said spouse is entitled to one half of the estate in usufruct.[1] Only in default of descendants, ascendants, brothers, sisters, nephews and nieces is the widower the sole heir of his deceased spouse. Section 909 of the Civil Code, *supra*,—31 L.P.R.A. § 2677. The trial court, therefore, erred in declaring the surviving spouse to be the sole and universal heir. The correct thing to do was to declare sole and universal heirs of Ana Garroti her nephews Juan Florencio, José María and Luis, and her surviving spouse in the usufructuary quota.

The case of *Espinosa* v. *Berríos*, 33 P.R.R. 296, is slightly similar to the instant case. It is stated in the opinion that Catalino Berríos died on November 12, 1923, while married to Primitiva Espinosa; that she petitioned the former district court of Humacao that she be declared the sole and universal heir of her dead husband because he had died without leaving any descendant, ascendant, brother, sister, nephew or niece; and that opposition was filed by some relatives in the sixth degree. We held that according to the legislation in force at the time Berríos died, the petitioner was entitled to have her request. We further stated at p. 299 that "When there are brothers, sisters, nephews or nieces but no descendants or ascendants the surviving spouse is entitled only to the usufruct of one-half of the estate; but when there are no descendants, ascendants, brothers, sisters, nephews or nieces the surviving spouse takes the whole estate." That case, of course, is distinguishable from the case at bar since here, as we have seen, the decedent Ana Garroti when she died, left three nephews who are entitled to inherit from her by representation.

The case of *Ex parte Andrade*, 59 P.R.R. 661 is likewise different from the instant case. There we held that "a

---

[1] See § 764 of the Civil Code, 1930 ed.—31 L.P.R.A. § 2414, which provides that "If the testator should leave neither legitimate ascendants nor descendants, the surviving spouse shall be entitled to one half of the estate also in usufruct."

natural sister of the legitimate mother of a deceased minor has no right to succeed *ab intestato* such minor." In that case, however, we construed par. 5 § 902 of the Civil Code (1930 ed.) —as it was in force at the time of the predecessor's death. At that time said paragraph read as follows:

"A recognized natural child *has no right* to succeed intestate legitimate children or relatives—with the exception of grandparents and other ascendants, —of the father or mother who has recognized him or her, nor they to succeed a recognized natural child." (Italics ours.)

Here, as we have stated, Ana Garroti died in 1951. At that time, § 902 of the Civil Code had already been amended by Act No. 253 of 1950, 31 L.P.R.A. § 2661. Paragraph 6 of that amendatory law reads as follows: "A recognized natural child *has the right* to succeed legitimate children or relatives of the father or' mother who has recognized him or her, and they to succeed a recognized natural child." (Italics ours.) Of course, if this latter law had been in force at the death of the predecessor in the *Andrades* case, *supra*, the result would have been different.

The judgment appealed from will be reversed and another entered declaring Juan Florencio Garroti, José María Vázquez Garroti and Luis Vázquez Garroti, together with José Vázquez Martínez (the latter only in the usufructuary quota granted to him by law—§ 764 of the Civil Code, 1930 ed., *supra*), the sole and universal heirs of the decedent Ana Garroti Padilla.[2]

---

[2] Acts No. 446, 447 and 448 of 1947 (pp. 944–948 of the laws of that year) to which the opponents refer in their brief, amended § § 887, 736 and 902 of the Civil Code, 1930 ed. The first of them has been copied and applied in the opinion; the second declares who are the forced heirs so that it is irrelevant in the case at bar; and the third (§ 902) was amended by Act 253 of 1950 and thus amended has been applied, in its sixth paragraph, to the facts in the instant case.